IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

ROBERT FLORES, )
TDCJ No. 1215391, )
 )
       Plaintiff, )
 ) 7:06-CV-183-O
v. )
 )
DOUGLAS DRETKE, *et al.*, )
       Defendants. )

MEMORANDUM OPINION AND ORDER

Came on to be considered *Defendants' Motion for Summary Judgment* and plaintiff's response thereto and the court finds and orders as follows:

Plaintiff, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants failed to protect him from an attack by his cellmate. He further challenges the TDCJ handcuff policy for "general population level-5 inmates," which he claims resulted in the attack, as unconstitutional. *See Complaint ¶V; Plaintiff's TDCJ Grievances, filed on April 2, 2007 (Doc. #8).* Specifically, plaintiff alleges that he was attacked by his cellmate when being placed back in his cell while handcuffed. *Id.* The policy at issue requires officers to place G5 level inmates into their cells while handcuffed. *Id.* The inmate then backs up to his closed cell door so that officers may remove the handcuffs through the cell door food slot. *Id.* Flores argues that this policy constitutes cruel and unusual punishment in violation of the Eighth Amendment because it leaves handcuffed inmates vulnerable to attack by a cellmate who is not in handcuffs. *Id.*

To establish a civil rights claim against a prison official for failure-to-protect, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Deliberate indifference" is a subjective standard which occurs only where a prison official knows of and disregards a substantial risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837. Deliberate indifference thus requires that "the [offending] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Neals*, 59 F.3d at 533 (quoting *Farmer*, 511 U.S. at 837).

The summary judgment evidence submitted by defendants reveals that Flores never alerted prison officials about any risk to his safety prior to the assault by his cellmate. *See Defendants' Motion for Summary Judgment, Appendices A & B (hereinafter Defendants Appendix \_\_\_\_"); Defendants' Appendix E at p. 29 (Doc. #27, amended affidavit).* Flores' classification records contain no indication that he ever filed a life endangerment claim or transmitted any other communication to prison officials to inform them that the handcuff policy for G5 offenders placed him at risk of attack. *See Defendants' Appendix A.* Furthermore, there is no indication from the record that Flores informed prison officials, prior to the attack, that he had problems with his cellmate. *Defendants' Appendix A.* Flores did not file any grievances prior to the assault at issue complaining about the handcuff policy for G5 offenders or a risk of attack by his cellmate. *Defendants' Appendix B.* There is no evidence or other indication in the record of this case that, prior to the attack on December 8, 2005, defendants were subjectively aware of a substantial risk

of serious harm to Flores' health and/or safety. *See Plaintiff's Response to Defendants' Motion for Summary Judgment* (Doc. #31). Flores has failed to articulate facts sufficient to demonstrate that defendants were aware of facts from which the inference could be drawn that there was a "substantial risk" that TDCJ's handcuff policy for G5 offenders placed him at risk of attack by his cellmate. *Id; Complaint.* The record in this case is devoid of any indication that Flores informed defendants of any such danger prior to the attack. Therefore, Flores cannot prevail on his failure-to protect claim.

Flores next challenges the constitutionality of the prison's policy of handcuffing G5 level offenders while they're being placed in their cells. *See Defendants' Appendix D, "G5 Plan."*

It is well established that prison policies which limit inmates' constitutional rights must be "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). In evaluating challenges to prison regulations that implicate constitutional rights, courts have accorded prison officials the widest possible deference in the application of polices and practices designed to maintain security and preserve internal order. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). A prison regulation may impinge on an inmate's constitutional rights when the regulation is reasonably related to legitimate penological interests. *Turner*, 482 U.S. at 89. To decide whether a prison policy is reasonable, a district court must determine (1) whether there is a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forth to justify the regulation; (2) whether, under the restriction imposed, a prisoner has alternative means for exercising the asserted constitutional right; (3) the impact that accommodating the asserted

constitutional right will have on prison staff, inmates, and the allocation of prison resources, and; (4) whether the regulation in question is an "exaggerated response" to prison concerns. *Id.* at 89-91.

In the case at bar, Flores does not identify any constitutional right that the handcuff policy for G5 offenders impinges upon, except for his right to be free from cruel and unusual punishment. Assuming, *arguendo*, that the handcuff policy implicates a constitutional right, defendants have submitted summary judgment evidence demonstrating that the handcuff policy for G5 level offenders is reasonably related to legitimate penological interest. G5 offenders are those inmates who have demonstrated aggressive and assaultive behavior. *Defendants' Appendix E at p. 28 (Doc. #27, amended affidavit).* The handcuff policy for those offenders was implemented in an effort to assist in managing assaultive, aggressive inmates and to protect the safety of prison guards when escorting G5 level offenders. *Id. at p. 30.* Clearly, the policy at issue in this case is reasonably related to the legitimate penological interest of protecting prison employees. As such, the handcuff policy is not constitutionally infirm.

To the extent, if any, that Flores challenges the validity of the G5 classification for assaultive inmates, he cannot prevail. The Fifth Circuit has repeatedly held that an inmate has no protectable liberty interest in his custodial classification. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Woods v. Edwards*, 51 F.3d 577, 581-82 (5th Cir. 1995). "Classification of prisoners is a matter left to the discretion of prison officials." *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990).

To the extent, if any, that Flores asserts a claim under the theory of a "state-created danger," the Fifth Circuit has refused to recognize that theory as a basis for recovery. *See, e.g., Longoria v. Texas*, 473 F.3d 586, 593 n. 8 (5th Cir. 2006).

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden,"

*Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in the case at bar establishes that there are no genuine issues of material fact and that defendants are entitled to summary judgment as a matter of law. It's an unfortunate reality that inmates sometimes attack each other in prison. However, every such attack does not automatically give rise to liability under the Civil Rights Act.

For the foregoing reasons, it is ORDERED that *Defendants' Motion for Summary Judgment* is GRANTED. Plaintiff's complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

The clerk of court shall transmit copies of this order to plaintiff and to counsel for defendants.

SO ORDERED this 30th day of September, 2008.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**